**No. 2438**

**Second Circuit**

---

**HARDEE & GLASPIE CO. v. KELLY
B. F. MOORE & SON, Intervenor
and Third Opponent**

---

(May 22, 1928. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Agriculture—Par. 21, 23.**

   The recorded pledge of the furnisher of moneys and supplies primes all unrecorded and subsequently recorded privileges of such furnishers.

   Maxwell-Yerger Co. vs. Rogan, 125 La. 1, 51 So. 48.
   Levert vs. Berthelot, 127 La. 1004, 54 So. 329.

Appeal from the Eleventh Judicial District Court, Parish of Sabine. Hon. Hal A. Burgess, Judge.

Action by Hardee & Glaspie Co., Inc., against Plummer Kelly. B. F. Moore & Son, intervenor and third opponent.

There was judgment for plaintiff and intervenor appealed.

Judgment reversed in part.

T. C. Armstrong and Boone & Boone, of Many, attorneys for plaintiff, appellee.

R. A. Fraser, of Many, attorney for intervenor, appellant.

STATEMENT OF THE CASE.

REYNOLDS, J. This appeal presents a contest between O. F. Moore, doing business under the name of B. F. Moore & Son, and Hardee-Glaspie Co., Inc., as seizing creditors of their common debtor, Plummer Kelly, for priority in the distribution of the proceeds of the sale of the property seized.

The debts merged in judgment represent moneys or the price of necessary plantation supplies furnished the debtor by the seizing creditors to enable him to grow agricultural products during the year 1924, and the property seized was certain cotton grown by him during that year.

The debt of the plaintiff was evidenced by an open account and that of the third opponent by promissory notes.

The notes representing third opponent's claim contained the following provision, to-wit:

"This note is given for money, goods, wares and merchandise furnished and to be furnished to me during the year 1924, and in order to secure the payment of same I especially pawn, pledge and hypothecate unto the holder hereof my entire crop of cotton, corn and other farm products for said year."

On the back of each note appears the endorsement:

"Filed for record in Crop Lien Record of Sabine parish, Louisiana, Sep. 18, 1924, at 2:35 P. M. W. E. Curtis, Clerk of Court & Ex-Officio Recorder."

"Recorded Sept. 19, 1924, in Book No. 4 Crop Lien, page 55 of Sabine Parish, La. Cliv Curtis, Dy. Clerk and Ex-officio Dy. Recorder."

Plaintiff's privilege was not recorded.

And third opponent asserted that his privilege primed that of plaintiff and he was entitled to have the proceeds of the sale of the defendant's crop applied toward the satisfaction of his judgment in preference to plaintiff's claim to have the proceeds first applied toward the satisfaction of his judgment by reason of the fact that his privilege was recorded pursuant to Act No. 23 of 1922, whereas plaintiff's was not recorded.

On these issues the case was tried and judgment was rendered ordering the proceeds of the sale of the cotton applied concurrently toward the satisfaction of both judgments.

The plaintiff appealed and the third opponent has answered the appeal and asks that his privilege be decreed prior in rank to that of the plaintiff.

OPINION

Under the authority of the case of Flower & King vs. Skipwith, 45 Ann. 895, the judgment appealed from would be correct, but that case was expressly overruled in that of Maxwell-Yerger Co. vs. Rogan, 125 La. 1, 51 So. 48, where the Supreme Court said:

"The recorded pledge of the furnisher of money and supplies primes all unrecorded and all subsequently recorded privileges of such furnishers. It follows that, as plaintiff is the only furnisher of money and supplies before the court whose pledge is recorded, its claim must be given the first rank in that class."

And in Levert vs. Berthelot, 127 La. 1017, the Court said:

"In Maxwell-Yerger Co. vs. Rogan, 125 La. 1, the question was again presented to this court and in accordance with the second decision cited, supra, it was reconsidered and treated as res novo, with the result that under the last cited decision intervenor's pledge has priority over plaintiff's privilege."

Plaintiff contends that the burden was on third opponent to prove that his claim represented the price of necessary plantation supplies furnished defendant to enable him to grow the cotton seized.

Conceding without deciding this contention, we find that the evidence clearly shows that one of the notes merged in third opponent's judgment against defendant, namely, that for $123.31, was given to represent the price of agricultural fertilizer sold by third opponent to defendant and used by the latter in growing the cotton seized, and agricultural fertilizer has been held to be necessary plantation supplies.

American Cotton Oil Co. vs. Spiller Sugar Co., 161 La. 446, 108 So. 475.

It follows, therefore, that third opponent has a privilege on the cotton seized at least for the amount owing on the note for $123.31, and that as his pledge securing the payment thereof was recorded whereas the privilege securing the payment of plaintiff's claim was not, third opponent's privilege primes that of plaintiff.

It is therefore ordered, adjudged and decreed that so much of the judgment appealed from as fixes the relative rank of the privilege claimed by plaintiff and the pledge claimed by third opponent be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that there be judgment that the pledge of third

opponent on the proceeds of the cotton seized is prior in rank to the privilege of the plaintiff thereon and that third opponent is entitled to have such proceeds applied in satisfaction of his judgment against defendant in preference to plaintiff's judgment.

It is further ordered, adjudged and decreed that the costs incurred in the District Court be paid out of the proceeds of the sale of cotton, and that the costs of this court be paid by plaintiff.